**The Law Offices of Jeffrey Lohman, P.C.**
Jeremy E. Branch – Bar # 303240
4740 Green River Road., Suite 310
Corona, CA 92880
(866) 329-4217, Ext. 1009
(657) 246-1312 - fax
Email: JeremyB@jlohman.com

Attorneys for Plaintiff,
ROBERT MCGOWN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCGOWN, | ) Case No.: |
| | ) |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT and JURY DEMAND** |
| | ) **(Telephone Consumer Protection Act)** |
| CAPITAL ONE BANK (USA), N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## <u>COMPLAINT</u>

ROBERT MCGOWN (Plaintiff), by his attorneys, alleges the following against CAPITAL ONE BANK (USA), N.A., (Defendant):

## I.     INTRODUCTION

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal

- 1 -

actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Ca Civ. Code § 1788.17.

2. The TCPA was legislated to prevent companies like CAPITAL ONE BANK (USA), N.A. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## II.    JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012) holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

- 2 -

PLAINTIFF'S COMPLAINT

4.  Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

5.  The violations described in this Complaint occurred in California.

### III.   PARTIES

6.  Plaintiff is a natural person residing in San Francisco County, in the city of San Francisco, California.

7.  Defendant is a corporation doing business in the State of California with its principal place of business located in McLean, Virginia.

8.  At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### IV.   FACTUAL ALLEGATIONS

9.  Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

10. Plaintiff is the "called party." <u>See</u> <u>Breslow v. Wells Fargo Bank, N.A.</u>, 755 F.3d 1265 (11th Cir. 2014).

- 3 -

PLAINTIFF'S COMPLAINT

11. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (415) 852-02XX.

12. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (800) 955-6600.

13. Upon information and belief, based on the number, frequency and timing of the calls, and on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.   Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant used an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

15. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

17. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

- 4 -

PLAINTIFF'S COMPLAINT

18. On or about August 30, 2017, Plaintiff spoke with a representative of Defendant's company at phone number (800) 955-6600 and told Defendant to stop calling his cellular telephone.

19. During the conversation on August 30, 2017, Plaintiff gave Defendant's representative his full social security number to assist Defendant's representative in accessing his account before asking Defendant to stop calling his cell phone regarding all of his accounts.

20. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on August 30, 2017.

21. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiffs cellular phone after June 8, 2018.

22. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least one hundred forty-six (146) telephone calls via the use of an automatic telephone dialing system to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

23. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

26. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ROBERT MCGOWN, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

- 6 -

PLAINTIFF'S COMPLAINT

a.  Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: one hundred forty-six (146) for a total of seventy-three thousand dollars ($73,000.00);

b.  Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

c.  Granting Plaintiff such other and further relief as may be just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 .S.C. § 227(b)(3)(C)**

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

28. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of one thousand five hundred dollars

PLAINTIFF'S COMPLAINT

($1,500.00) in statutory damages for each and every violation, pursuant to 47

U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the

future.

WHEREFORE, Plaintiff, ROBERT MCGOWN, respectfully requests

judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as

follows:

a) Awarding Plaintiff statutory damages statutory damages of one

thousand five hundred dollars ($1,500.00) multiplied by the number of

knowing and/or willful violations of TCPA alleged herein, to wit: one

hundred forty-six (146) for a total of two hundred nineteen thousand

dollars ($219,000.00);

b) Awarding Plaintiff actual damages and compensatory damages

according to proof at time of trial;

c) Granting Plaintiff such other and further relief as may be just and

proper.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CA CIV CODE § 1788.17

31. Plaintiff repeats and incorporates by reference into this cause of action the

allegations set forth above at Paragraphs 1-23.

- 8 -

PLAINTIFF'S COMPLAINT

32. Defendant violated the RFDCPA based on the following:

    a)  Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

    WHEREFORE, Plaintiff, ROBERT MCGOWN, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

    a)  Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

    b)  Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

    c)  Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and;

    d)  Actual damages and compensatory damages according to proof at time of trial;

## JURY TRIAL DEMAND

33. Plaintiff demands a jury trial on all issues so triable.

    RESPECTFULLY SUBMITTED,

DATED: April 16, 2019

    **THE LAW OFFICE OF JEFFREY LOHMAN, P.C.**

- 9 -

PLAINTIFF'S COMPLAINT

By: */s/ Jeremy E. Branch*
Jeremy E. Branch
Attorney for Plaintiff
Email: JeremyB@jlohman.com

- 10 -

PLAINTIFF'S COMPLAINT